IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| James Edward Ellerbe, ) | |
| ) | Civil Action No. 6:04-22944-HFF-WMC |
| Plaintiff, ) | |
| ) | **O R D E R** |
| vs. ) | |
| ) | |
| United States of America, ) | |
| ) | |
| Defendant. ) | |
| ) | |

       The plaintiff, proceeding *pro se*, initiated this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§1346(b) and 2671-2680, alleging that medical staff at FCI Allenwood, Pennsylvania, and FCI Edgefield were negligent in timely diagnosing and treating his left inguinal hernia between November 6, 2002, and November 5, 2003. The defendant filed a motion for summary judgment on June 3, 2005, which included Exhibit 1, which was the plaintiff entire Bureau of Prisons medical record. The plaintiff was provided with a copy of Exhibit 1 at the time the defendant served the motion for summary judgment.[1] The defendant now seeks an order sealing Exhibit 1 to the motion for summary judgment as a confidential medical record controlled by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). In the alternative, the defendant requests a protective order from disclosure for privacy concerns.

       The plaintiff responds that the defendant has violated his right to privacy because he has not given his consent for the Bureau of Prisons to release his medical records.

       HIPAA was enacted, in part, to ensure the protection of patient's medical records and other individually identifiable health information, whether on paper, in

---

[1] The defendant also submitted the same medical records to the court in electronic form on a CD-ROM.

computers or communicated orally. In general, the HIPPA privacy rules require health plans, pharmacies, doctors and other "covered entities" to establish policies and procedures to protect the confidentiality of protected health information about their patients.

This court concludes that the defendant has a right to examine the plaintiff's medical records in response to the plaintiff's allegation that he was denied proper medical treatment. Further, this court concludes that a protective order is appropriate in this case.

Now, therefore,

IT IS ORDERED that the defendant's motion to seal is granted.

IT IS SO ORDERED.

s/William M. Catoe
United States Magistrate Judge

July 7, 2005

Greenville, South Carolina